[Civ. No. 37923. First Dist., Div. Two. Oct. 27, 1976.]

PETER J. MEININGER, Plaintiff and Appellant, v.
LARWIN-NORTHERN CALIFORNIA, INC.,
Defendant and Respondent.

**COUNSEL**

Wilhelm, Hanson, Olson & Bass and Donald E. Hanson for Plaintiff and Appellant.

Miller, Starr & Regalia, Stephen J. Russell and M. Janice Smith for Defendant and Respondent.

**OPINION**

**KANE, J.—**

### Statement of Facts

On May 5, 1972, appellant Meininger and respondent Larwin-Northern California, Inc. entered into a written contract whereby appellant was to perform certain painting work as respondent's subcontractor.

When a dispute arose between the parties, appellant filed a complaint for breach of contract, alleging that respondent owed him $17,384.76 under the terms of the contract. Additionally, appellant alleged that under paragraph 13 of the parties' contract and section 1717 of the Civil Code, he was entitled to reasonable attorney's fees in the sum of $8,000.

At a pretrial conference on May 19, 1975, the trial court disallowed appellant's claim for attorney's fees. The case proceeded to trial, and on May 30, 1975, the jury returned a verdict in favor of appellant in the sum of $7,589.26. Thereafter, on June 17, 1975, the court entered judgment. Appellant appeals from that portion of the judgment disallowing attorney's fees.

*Discussion*

■ The sole issue on this appeal is whether section 1717 of the Civil Code requires an award of attorney's fees to appellant. Section 1717, in pertinent part, reads as follows: "In any action on a contract, where such contract specifically provides that attorney's fees and costs, *which are incurred to enforce the provisions of such contract,* shall be awarded to one of the parties, the prevailing party, whether he is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to costs and necessary disbursements." (Italics added.)

Thus, the resolution of this issue turns on whether or not the contract between appellant and respondent provided for attorney's fees in an action to enforce the provisions of the contract. The pertinent provisions of the contract provide: "13. SUBCONTRACTOR'S LIABILITY INSURANCE, INDEMNITY: . . . [The first paragraph of this section requires the subcontractor to maintain insurance to protect him from claims arising under workers' compensation laws, and from tort claims arising from damage to property or from bodily injury or death. The second paragraph continues as follows.]

"The Subcontractor shall indemnify and hold and save Larwin harmless from and against any and all actions or causes of action, claims, demands, liabilities, loss, damage or expense of whatsoever kind and nature, *including counsel or attorneys' fees,* whether incurred under retainer or salary or otherwise, *which Larwin shall or may at any time sustain or incur by reason or in consequence of any injury or damage to person or property* which may arise directly or indirectly from the performance of this Contract by the Subcontractor, whether such performance be by himself or by any subcontractor of his, or anyone directly or indirectly employed by either of them." (Italics added.)

In construing the contract, the trial court concluded: "There's no general provision anywhere in this contract . . . for attorney's fees." Since

the trial court based this conclusion on its interpretation of the contract language without receiving extrinsic evidence, the appellate court is not bound by that conclusion, but must give the writing its own interpretation (*Parsons* v. *Bristol Development Co.* (1965) 62 Cal.2d 861, 865-866 [44 Cal.Rptr. 767, 402 P.2d 839]; *Estate of Platt* (1942) 21 Cal.2d 343, 352 [131 P.2d 825]; *Davies Machinery Co.* v. *Pine Mountain Club, Inc.* (1974) 39 Cal.App.3d 18, 23 [113 Cal.Rptr. 784]; *Estate of Shannon* (1965) 231 Cal.App.2d 886, 890-891 [42 Cal.Rptr. 278]). In doing so, we agree with the trial court's interpretation.

While paragraph 13 of the contract provides for attorneys' fees in certain situations, it does not specifically provide for attorneys' fees *in an action on the contract* as is required to trigger operation of section 1717 of the Civil Code. Reading the entire paragraph 13 is helpful in interpreting the provision for attorneys' fees. Since the heading reads "Subcontractor's Liability Insurance, Indemnity," and since the first paragraph deals with tort claims of third parties, the reasonable and logical interpretation of the second paragraph is that it provides for attorneys' fees in third party tort actions (Civ. Code, § 1643). Reading the second paragraph of paragraph 13 as covering "actions on the contract" would render it inconsistent with the balance of paragraph 13.

The judgment is affirmed.

Taylor, P. J., and Rouse, J., concurred.