KOZINSKI, Chief Judge,
dissenting:
I would affirm under Clause 12 of the contract the district court’s award of the attorney’s fees Entertainment Partners incurred suing Star/XL. Clause 12 has four provisions. Provision 1 commits Star/XL to indemnify Entertainment Partners against losses “arising out of the services performed” by the personnel Entertainment Partners hired for Star/XL. Contract ¶ 12 (emphasis added). Provision 2 obligates Entertainment Partners to indemnify Star/XL against losses “arising out of [its] negligence or wrongful acts, errors or omissions ... in the performance of its services hereunder.” Id. (emphasis added). I agree with the majority that these are third-party indemnification provisions. See Carr Bus. Enters., Inc. v. City of Chowchilla, 166 Cal.App.4th 14, 82 Cal.Rptr.3d 128, 134-35 (2008); Myers Bldg. Indus., Ltd. v. Interface Tech., Inc., 13 Cal.App.4th 949, 17 Cal.Rptr.2d 242, 256-58 (1993).
But Provisions 3 and 4, which refer to costs arising out of a breach of the contract, aren’t obviously third-party provisions. See Meininger v. Larwin-N. Cal., Inc., 63 Cal.App.3d 82, 135 Cal.Rptr. 1, 2 (1976) (distinguishing “actions on the contract” from “tort claims of third parties” that arise out of performance of the contract). Provision 3 requires Star/XL to “indemnify, defend and hold harmless” Entertainment Partners against “any and all costs and expenses (including, but not limited to, reasonable attorney’s fees) ... arising out of ... breach or alleged breach” of the contract. Contract ¶ 12. *354 Provision 4 is a reciprocal promise by Entertainment Partners to do the same for Star/XL. Id.
Provisions 3 and 4 are like the fee-shifting provision in Continental Heller Corporation v. Amtech Mechanical Services, Inc., which the court construed to cover attorney’s fees the parties incurred suing each other. 53 Cal.App.4th 500, 61 Cal.Rptr.2d 668, 673 (1997). The contract in that case had a third-party provision indemnifying a general contractor for losses “arisfing] out of or ... in any way connected with the performance of work under this [contract].” Id. A second provision obliged the subcontractor to “indemnify the [general Contractor, and save it harmless from any and all ... costs, expenses and attorney’s fees suffered or incurred on account of any breach of the aforesaid obligations and covenants, and any other provision or covenant of this [contract].” Id. (emphasis omitted). The court held that this second provision shifted the attorney’s fees the parties incurred enforcing the contract because third-party claims were already covered by the first provision. Id.; see also Baldwin Builders v. Coast Plastering Corp., 125 Cal.App.4th 1339, 24 Cal.Rptr.3d 9, 14 (2005).
Continental Heller controls our reading of the contract here: “It is clear [that Provisions 3 and 4 are] not referring to indemnity for attorney fees incurred in defending actions brought against [either side by a third party because that indemnity is covered in [Provisions 1 and 2].” Cont’l Heller, 61 Cal.Rptr.2d at 673. The fact that the provision in Continental Heller doesn’t use the term “defend” doesn’t distinguish it from Provisions 3 and 4 because every promise to “indemnify” and “save ... harmless” includes an implied duty to “defend.” Cal.Civ.Code § 2778, subd. (4). To give effect to every part of the contract, Cal. Civ.Code § 1641, we should construe Provisions 3 and 4 to cover breach of contract suits between the parties.
Myers and Carr aren’t to the contrary. Those cases addressed indemnity provisions that referred to performance of the contract. See Myers, 17 Cal.Rptr.2d at 252 (indemnifying against losses “arising ... out of ... the performance of this Agreement”); Carr Bus. Enters., 82 Cal.Rptr.3d at 131 (indemnifying against losses “arising out of the performance of the work described herein” (emphasis omitted)). More importantly, Myers and Carr refused to construe an indemnity clause in favor of one party (the indemnitee) to cover suits to enforce the contract because doing so would trigger California Civil Code § 1717, California’s reciprocal attorney’s fees statute. Section 1717 converts every unilateral right to attorney’s fees incurred enforcing a contract into a reciprocal obligation granting attorney’s fees to the prevailing party, even if that party is not the one entitled to fees under the text of the contract. Santisas v. Goodin, 17 Cal.4th 599, 71 Cal.Rptr.2d 830, 951 P.2d 399, 406 (1998). Myers and Carr reasoned that parties to a contract don’t intend to obligate indemnitees to pay their indemnitors’ attorney’s fees. See Myers, 17 Cal.Rptr.2d at 256 (“The provisions of Civil code section 1717 were never intended to inflict upon the indemnitee the obligation to indemnify his indemnitor in similar circumstances.”); Carr Bus. Enters., 82 Cal.Rptr.3d at 135 (“[B]ecause ‘an indemnity agreement is intended by the parties to unilaterally benefit the indemnitee, ... application of reciprocity principles would defeat the very purpose of the agreement.’ ”). That’s not a problem here. Provisions 3 and 4 are already reciprocal, so section 1717’s reciprocity principle wouldn’t impose an obligation the parties didn’t already intend. Thus, Myers and Carr don’t justify the majority’s departure from *355 Clause 12’s clear and explicit language. See Cal. Civ.Code § 1638.