[No. D043422. Fourth Dist., Div. One. Jan. 21, 2005.]

BALDWIN BUILDERS, Cross-complainant and Appellant, v.
COAST PLASTERING CORPORATION et al., Cross-defendants and
Respondents.

---

COUNSEL

Gatzke Dillon & Ballance, Stephen Francis Tee, Mark J. Dillon and Anne B. Browne for Cross-complainants and Appellants.

Campbell, Volk & Lauter, Campbell, Souhrada & Volk, Ronald J. Lauter, Nannette Souhrada and Michael M. Freeland for Cross-defendant and Respondent Coast Plastering Corporation.

Parker Stanbury and Timothy D. Lucas for Cross-defendant and Respondent T&M Framing, Inc.

---

OPINION

McINTYRE, J.— ██ The issue in this case is whether a unilateral attorney fee clause included in an indemnity agreement between a general contractor and a subcontractor is subject to the reciprocity principles set forth in Civil Code section 1717, subdivision (a) (section 1717(a)). We conclude that where, as here, the contractual provision is not included as an item of loss or expense under the indemnity agreement, but instead separately provides for the recovery of attorney fees incurred in enforcing the indemnity agreement, section 1717 applies and authorizes a prevailing indemnitor/subcontractor to recover attorney fees so incurred. ██ We also hold that where the indemnitor/subcontractor is required to prove its lack of fault in defending against a claim under the indemnity, it is entitled to recover the fees incurred therefor.

## FACTUAL AND PROCEDURAL BACKGROUND

Baldwin Builders (Baldwin) was the developer of Paloma, a seven-subdivision, 239-unit community in San Marcos. Coast Plastering Corporation (Coast) and T&M Framing, Inc. (T&M) entered into subcontracts with Baldwin to perform certain construction work in the Tierra subdivision of the Paloma development. Although the subcontracts included general indemnity provisions, Coast and T&M each executed a stand-alone indemnity agreement with Baldwin, agreeing in relevant part: "The undersigned Subcontractor hereby agrees to indemnify [Baldwin] . . . against any claim, loss, damage, expense or liability arising out of acts or omissions of Subcontractor in any way connected with the performance of the subcontract . . . unless due solely to [Baldwin's] negligence. . . . Subcontractor shall, on request of [Baldwin] . . . but at Subcontractor's own expense, defend any suit asserting a claim covered by this indemnity. Subcontractor shall pay all costs, including attorney's fees, incurred in enforcing this indemnity agreement."

In November 1998, the Paloma homeowners filed this action against Baldwin for construction defects in the homes. Baldwin requested that Coast and T&M defend and indemnify it against the claims, but after they refused, it cross-complained against them for express contractual indemnity, implied indemnity, equitable indemnity, contribution, breach of contract, breach of implied warranty, breach of express warranty, negligence and declaratory relief. Prior to trial, the court entered an order bifurcating the trial so that the claims of the homeowners in the Tierra subdivision, and Baldwin's related cross-claims against its subcontractors, would be conducted first. The parties stipulated that the issue of attorney fees and costs between Baldwin and its subcontractors would proceed in a postverdict bench trial. At trial, the jury returned special verdicts finding that Baldwin was negligent, but neither Coast nor T&M was negligent, in performing their work in the subdivision.

Thereafter, Coast and T&M filed motions and cost memoranda seeking to recover in part attorney fees and nonstatutory costs based on the indemnity agreements. (They also sought statutory costs, which are not at issue on this appeal.) In support of their requests, Coast and T&M argued that the indemnity agreements' attorney fee provisions were subject to the reciprocity principles of section 1717(a), thus entitling them to recover fees and non-statutory costs notwithstanding the unilateral language of the agreements. They sought to recover all of their costs and fees incurred in defending against Baldwin's claims. Baldwin opposed these arguments, vigorously contending that attorney fee provisions in the indemnity agreements were not subject to section 1717(a).

After oral argument, the court issued an order awarding Coast $218,832.43 in attorney fees and $63,894.06 in nonstatutory costs and T&M $65,793.88 in attorney fees and nonstatutory costs. The court held that although the attorney fee provisions were contained in the indemnity agreements, they authorized recovery of "attorney's fees and costs incurred to enforce the indemnity agreement, as opposed to fees [and costs] incurred to defend or indemnify against claims asserted against Baldwin" and thus were subject to reciprocity under section 1717(a). Baldwin moved for reconsideration, reiterating its earlier arguments and arguing alternatively that, to the extent section 1717(a) applied, Coast and T&M were only entitled to recover fees and nonstatutory costs incurred in enforcing the indemnity provision. The court denied the reconsideration motion based on Baldwin's failure to establish new or different facts or law, although it also indicated that it would have rejected Baldwin's arguments on the merits as well. The court awarded Coast an additional $2,500, and T&M an additional $1,000, in attorney fees and thereafter entered judgment, from which Baldwin now appeals. (In the proceedings below, the parties and the trial court implicitly assumed that the recoverability of nonstatutory costs pursuant to the attorney fee clauses was coextensive with the recoverability of attorney fees. The parties' appellate briefs are based on the same implicit assumption. Because the parties have not raised any separate issue regarding the recoverability of nonstatutory costs, we will assume, without deciding, that the parties' assumption is correct.)

## DISCUSSION

### 1. *Recoverability of Fees*

■ A party who prevails in a civil action is entitled to recover its costs as a matter of right unless otherwise provided by statute. (Code Civ. Proc., § 1032, subd. (b); see *Lincoln v. Schurgin* (1995) 39 Cal.App.4th 100, 104 [45 Cal.Rptr.2d 874].) However, California law generally requires that a party to a lawsuit pay its own attorney fees, regardless of whether it prevailed in the action. (Code Civ. Proc., § 1021; *Trope v. Katz* (1995) 11 Cal.4th 274, 278–279 [45 Cal.Rptr.2d 241, 902 P.2d 259].) An exception to this general rule is recognized where a contract, statute or other law specifically authorizes the prevailing party to recover attorney fees. (Code Civ. Proc., § 1033.5, subd. (a)(10); see also *Santisas v. Goodin* (1998) 17 Cal.4th 599, 606 [71 Cal.Rptr.2d 830, 951 P.2d 399].) Where the recovery of attorney fees is authorized by a contract, the agreement will generally be subject to section 1717(a), which provides in part: "*In any action on a contract*, where the

contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs." (Italics added.)

■ This rule of reciprocity is itself subject to an exception where the recovery of attorney fees is authorized *as an item of loss or expense* in an indemnity agreement or provision. (*Campbell v. Scripps Bank* (2000) 78 Cal.App.4th 1328, 1337–1338 [93 Cal.Rptr.2d 635]; *Myers Building Industries, Ltd. v. Interface Technology, Inc.* (1993) 13 Cal.App.4th 949, 971–973 [17 Cal.Rptr.2d 242] (*Myers*); *Appalachian Ins. Co. v. McDonnell Douglas Corp.* (1989) 214 Cal.App.3d 1, 42–44 [262 Cal.Rptr. 716].) Because an indemnity agreement is intended by the parties to unilaterally benefit the indemnitee, holding it harmless against liabilities and expenses incurred in defending against third party tort claims (see Civ. Code, § 2772), application of reciprocity principles would defeat the very purpose of the agreement. (*Myers, supra,* 13 Cal.App.4th at p. 973.) In requiring reciprocity of only those provisions that authorize the recovery of attorney fees "in an action on [the] contract," section 1717(a) expressly excludes indemnity provisions that allow the recovery of attorney fees as an element of loss within the scope of the indemnity. (*Myers,* at p. 971.)

Here, the attorney fee provisions are set forth in the parties' indemnity agreements and thus the paramount issue in this case is whether those provisions are attorney fee clauses that section 1717(a) requires to be reciprocal or are instead an element of loss within the scope of the indemnity agreements, thus rendering the statute inapplicable. There is no question that if Baldwin had been entitled to recover attorney fees incurred in defending against the homeowners' claims pursuant to the indemnity agreements (see Civ. Code, § 2778, subd. (3)), section 1717(a) would not have applied to create a reciprocal right on the part of Coast and T&M to recover attorney fees incurred in defending claims against them arising out of their work under the subcontracts. (See *Campbell v. Scripps Bank, supra,* 78 Cal.App.4th at pp. 1337–1338; *Myers, supra,* 13 Cal.App.4th at p. 973; *Appalachian Ins. Co. v. McDonnell Douglas Corp., supra,* 214 Cal.App.3d at pp. 42–44; *Meininger v. Larwin-Northern California, Inc.* (1976) 63 Cal.App.3d 82, 85 [135 Cal.Rptr. 1].) However, the indemnity agreements here not only provide Baldwin with a right to indemnity for liabilities to third parties and expenses

(including attorney fees) arising out of the subcontract work, but they also specify that Coast and T&M are required to pay Baldwin "all costs, including attorney's fees, *incurred in enforcing this indemnity agreement.*" (Italics added.)

By contrast to the general provisions requiring Coast and T&M to indemnify Baldwin in the event of third party claims, the attorney fee clauses unambiguously contemplate an action *between the parties* to enforce the indemnity agreements (a point that Baldwin's counsel recognized at oral argument in the proceedings below) and thus section 1717(a) would appear to be applicable. (See *Continental Heller Corp. v. Amtech Mechanical Services, Inc.* (1997) 53 Cal.App.4th 500, 508–509 [61 Cal.Rptr.2d 668].) Notwithstanding the unambiguous language of the clauses, however, Baldwin contends that the analysis of *M. Perez Co., Inc. v. Base Camp Condominiums Assn. No. One* (2003) 111 Cal.App.4th 456, 463 [3 Cal.Rptr.3d 563] (*Perez*), establishes its contention that the attorney fee clauses are nonetheless an element of damage within the scope of the indemnity and thus not subject to section 1717(a).

In *Perez*, the general contractor and the owner of property to be developed entered into an indemnity agreement that provided in part that the general contractor was required to indemnify the owner against third party claims arising from the general contractor's performance under the construction agreement. The indemnity agreement also included an "obligation [by the general contractor] to '[r]eimburse [the owner] . . . for any and all legal expense incurred' in connection with any action covered by the indemnity provisions *or to enforce the indemnity.*" (*Perez, supra*, 111 Cal.App.4th at p. 463, italics added.) The general contractor prevailed at trial and sought unsuccessfully to recover its defense costs, including attorney fees, incurred in the litigation. After the trial court denied its request, the general contractor appealed, arguing that because the owner's complaint had included a request for attorney fees pursuant to the construction contract, the owner was judicially estopped to deny that the agreement contained a prevailing-party-attorney-fee provision. (*Ibid.*)

In the language on which Baldwin now relies, the *Perez* court observed that the general contractor was not asserting a direct right to recover attorney fees pursuant to the indemnity provision and theorized that this was because the general contractor "[n]o doubt recogniz[ed] that the indemnity provisions . . . [did] not constitute a prevailing-party-attorney-fee provision [subject to section 1717(a).]" (*Perez, supra*, 111 Cal.App.4th at p. 463, citing

this court's decision in *Campbell v. Scripps Bank, supra,* 78 Cal.App.4th at p. 1337.) Baldwin's reliance on this language is misplaced, however, because the court's passing comment is dicta and does not provide persuasive authority that section 1717(a) is inapplicable to the attorney fee clauses being challenged here. (*Western Landscape Construction v. Bank of America* (1997) 58 Cal.App.4th 57, 61 [67 Cal.Rptr.2d 868].)

Even if the language in *Perez* was not dicta, however, we would reject Baldwin's argument on its merits. We agree with the *Perez* court's conclusion that the indemnity provision allowing the recovery of attorney fees incurred in defending against third party claims under the construction contract was not within the purview of section 1717(a); however, to the extent the opinion can be read as holding that the indemnity provision's authorization of the recovery of attorney fees in a direct action to enforce that provision was also not subject to section 1717(a), we simply cannot agree with such an interpretation of the contractual language and the statute. (*Continental Heller Corp. v. Amtech Mechanical Services, Inc., supra,* 53 Cal.App.4th at pp. 508–509.)

Here, the express language of the attorney fee clauses authorizes the recovery of attorney fees where one of the parties to the agreement brings an action to enforce the indemnity; such an action is one "on [the] contract" within the meaning of section 1717(a) and thus the attorney fee clauses are subject to the statutory requirement of reciprocity. (*Campbell v. Scripps Bank, supra,* 78 Cal.App.4th at pp. 1337–1338.) The fact that the attorney fee clauses are set forth in the indemnity agreements does not alter this conclusion. (*Continental Heller Corp. v. Amtech Mechanical Services, Inc., supra,* 53 Cal.App.4th at pp. 508–509.)

2. *Extent of Recoverable Fees*

Baldwin contends that, even if the attorney fee provisions were subject to section 1717(a), the statutory reciprocity principles would entitle Coast and T&M to recover only those fees and nonstatutory costs incurred in enforcing the indemnity agreements. Coast and T&M agree that the contractual language authorizes the recovery of only those attorney fees and nonstatutory costs incurred "in enforcing [the] indemnity agreement[s]." (See *Maryland Casualty Co v. Bailey & Sons, Inc.* (1995) 35 Cal.App.4th 856, 864 [41 Cal.Rptr.2d 519]; *Continental Heller Corp. v. Amtech Mechanical Services, Inc., supra,* 53 Cal.App.4th at p. 507.) However, they disagree with Baldwin's contention that as a matter of law the contractual language precluded the court from

awarding them all of their fees and nonstatutory costs in defending this case. Specifically, they contend that they were required to show their lack of fault in order to prevail under the indemnity agreements and thus the court properly awarded them all of their fees. We agree that the court could award Coast and T&M all of their fees and costs incurred to enforce the indemnity, including those fees and costs incurred in establishing their lack of liability for the alleged defects in the Paloma development.

■ As this court recognized in *Heppler v. J.M. Peters Co.* (1999) 73 Cal.App.4th 1265, 1275–1281 [87 Cal.Rptr.2d 497] (*Heppler*), an indemnitor/subcontractor generally will not be liable or have a duty to defend its general contractor pursuant to the terms of an indemnity agreement unless it was negligent in performing its work under the subcontract. (*Id.* at p. 1278 [holding that indemnity provisions are to be strictly construed against the indemnitee and that no-fault liability will not be imposed unless there is "specific, unequivocal contractual language to that effect"].) In *Heppler,* the court held that contracts providing indemnity for damage " 'arising out of or in connection with [indemnitor's] performance of the [w]ork' " or " 'growing out of the execution of the work' " did not "evidence a mutual understanding of the parties that the subcontractor would indemnify [the general contractor] even if its work was not negligent." (*Id.* at pp. 1277–1278.)

Like the agreements in *Heppler*, the indemnity agreements between the parties here do not contain unequivocal language requiring Coast and T&M to indemnify Baldwin even in the absence of their fault or negligence. Thus the success of Baldwin's attempts to enforce the indemnity agreements depended on whether Coast and T&M were at fault for any of the defects at the Paloma development and a showing of fault, or lack thereof, was a necessary component of any claim to enforce those agreements.

Baldwin cites *Myers, supra,* 13 Cal.App.4th 949, in support of its argument that Coast and T&M cannot recover the fees and costs incurred in defending their performance under their respective subcontracts. There, the subcontractors on an office building construction project sued the property owner to foreclose on mechanic's liens they had filed against the property and the property owner in turn sued the general contractor. The general contractor cross-complained against the property owner, alleging that the owner had failed to compensate it for the costs of numerous plan changes the owner requested during the course of construction. The general contractor prevailed on its claims against the property owner and the court awarded it $350,000 in attorney fees pursuant to an indemnity agreement that included attorney fees as an element of loss or expense. The court of appeal struck the award of fees

on the ground that the indemnity agreement was not subject to section 1717 and thus did not apply reciprocally for the benefit of the general contractor. (*Myers,* at p. 975.)

In addition to arguing that it was entitled to reciprocal benefit of the indemnity agreement, the general contractor also contended that it was entitled to recover attorney fees pursuant to certain subcontracts that had been assigned to it by its subcontractors. The appellate court rejected this alternative argument, finding that although the general contractor prevailed on its claims against the property owner, it did not prevail on the subcontracts that included the attorney fee provisions. (*Myers, supra,* 13 Cal.App.4th at p. 975 & fn. 21.) After so holding, the *Myers* court noted that even if the general contractor had been entitled to recover fees under the assigned subcontracts, the awards would be limited to fees incurred to enforce those subcontracts rather than all the fees the general contractor incurred in its action against the property owner under the general contract.

Baldwin's reliance on the dicta in *Myers* is misplaced. In this case, the subcontractors seek to recover attorney fees they incurred in defending against Baldwin's attempts to enforce the indemnity agreements, pursuant to the attorney fee provisions *in those agreements.* They are not relying on the attorney fee provisions as a basis for recovering fees incurred to enforce some other contracts, as the general contractor was attempting to do in *Myers. Myers* is inapposite here and does not support a conclusion that Coast and T&M are precluded from recovering fees and costs incurred in establishing their lack of fault for the alleged construction defects.

Because Coast and T&M were required to establish that they were not negligent in performing the work under their respective subcontracts in order to defeat Baldwin's express indemnity claim, the trial court could properly have included the fees and costs incurred in making that showing as an element of the fees and costs incurred to enforce the indemnity agreements. As Coast and T&M were not pursued as defendants by the Paloma homeowners during most of the underlying proceedings, it appears that they would be entitled to recover a large portion of the fees they incurred. However, a cursory review of the record suggests that certain of the fees and costs the court awarded to Coast and T&M were unrelated to the enforcement of the indemnity agreements (that is, did not relate to the subcontractors' liability for defects in the development or to the indemnity agreements themselves). Accordingly, we remand the matter for further proceedings on the issue of what attorney fees and costs are properly characterized as relating to the enforcement of the indemnity agreements and thus recoverable under the express language of the attorney fee provisions of those agreements.

## DISPOSITION

The judgment is reversed insofar as it grants Coast and T&M attorney fees and nonstatutory costs. The matter is remanded for further proceedings as to the amount of such fees and costs that Coast and T&M are entitled to recover under the attorney fee provisions in the indemnity agreements. In all other respects, the judgment is affirmed. Each party is to bear its own costs on appeal.

Nares, Acting P. J., and Haller, J., concurred.