[No. B234627. Second Dist., Div. Six. Apr. 9, 2012.]

TORO ENTERPRISES, INC., Cross-complainant and Respondent, v. PAVEMENT RECYCLING SYSTEMS, INC., Cross-defendant and Appellant.

**COUNSEL**

Hunter, Molloy & Salcido, John Logan Hunter and David A. Delgado for Cross-defendant and Appellant.

Haffner, Haffner & Kirwin, Matthew M. Haffner and Brian S. Dewey for Cross-complainant and Respondent.

**OPINION**

**GILBERT, P. J.**—Here two provisions in a construction contract demonstrate that the greater does not always include the lesser. Subcontractor Pavement Recycling Systems, Inc. (Pavement), appeals from an order denying its motion for attorney's fees after it prevailed against general contractor Toro Enterprises, Inc. (Toro), on a cross-complaint for contractual indemnity. We reverse because Pavement was entitled to recover its attorney's fees under the terms of the subcontract.

## FACTUAL AND PROCEDURAL BACKGROUND

A general contractor, Toro, undertook a roadway construction project for the City of Oxnard. Toro engaged a subcontractor, Pavement. Near the project, Haffiza Ali was in an auto accident. She sued Toro and others.

Toro cross-complained against Pavement for defense and indemnity, based on a general defense and indemnity provision in their subcontract (section 11). Section 11 provides in relevant part: "To the fullest extent permitted by law, Subcontractor shall defend, indemnify and hold harmless Owner and Contractor and their agents and employees from claims, demands, causes of actions and liabilities of every kind and nature whatsoever arising out of or in connection with Subcontractor's operations performed under this Agreement and caused or alleged to be caused, in whole or in part, by any act or omission of Subcontractor . . . ." Pavement cross-complained against Toro for implied contractual indemnity and for equitable indemnity. Pavement did not dispute the existence of the subcontract. Ali amended her complaint to add Pavement as a defendant.

Pavement successfully moved for summary judgment against Ali's complaint and Toro's cross-complaint. The court entered judgment in Pavement's favor, and declared Pavement to be the "prevailing party." Pavement voluntarily dismissed its own cross-complaint.

Pavement moved for an award of attorney's fees against Toro, based on a fee provision in the subcontract (section 13). The trial court denied the motion. The court reasoned, "The attorney's fee clause as found in paragraph 13 relates to disputes between the parties regarding the performance of work and payment for work performed. It is not sufficiently broad to include indemnity claims arising from a third-party tort action."

Section 13 provides: "DISPUTE RESOLUTION: Any dispute resolution procedure in the prime contract shall be deemed incorporated into this Agreement, and shall apply to any dispute arising hereunder, except disputes not involving the acts, omissions or otherwise the responsibility of [Oxnard] under the prime contract . . . . Subject to compliance with all applicable laws, . . . [Toro's] sole obligation is to present any timely-filed claims by [Pavement] to [Oxnard] . . . [and] to pay to Subcontractor the proportionate part . . . to which [Pavement] is entitled. For disputes not involving the . . . responsibility of [Oxnard] under the prime contract, the parties hereto shall submit any and all disputes arising under or relating to the terms and conditions of the Subcontract to arbitration . . . . No demand in arbitration shall be made after the date when the institution of legal . . . proceedings . . . would be barred by the applicable statute of limitations. *In any dispute*

*resolution between the parties, the prevailing party shall be entitled, in addition to any other relief granted, to recover its costs of participation, including attorneys' and experts' fees.* An award rendered by an arbitrator(s) shall be final and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction." (Italics added.)

## DISCUSSION

■ Pavement contends it is entitled to fees because this was an action on the subcontract, it prevailed, and section 13 authorized fees to the prevailing party in "any dispute resolution" arising "under or relating to . . . the Subcontract." (See *Baldwin Builders v. Coast Plastering Corp.* (2005) 125 Cal.App.4th 1339, 1346 [24 Cal.Rptr.3d 9] [a general defense and indemnity provision does not authorize fees incurred defending against a claim to enforce it, but a separate provision may].) Toro contends Pavement may not recover fees because Pavement dismissed its own cross-complaint; Pavement did not establish the existence or authenticity of the subcontract; the trial court never determined the prevailing party under the subcontract; section 11 controls third party claims; and section 13 applies only to arbitrated payment disputes. Toro urges us to defer to the trial court's interpretation of the scope of section 13.

We review de novo a determination of the legal basis for an award of attorney's fees. (*Sessions Payroll Management, Inc. v. Noble Construction Co.* (2000) 84 Cal.App.4th 671, 677 [101 Cal.Rptr.2d 127].) The existence and authenticity of the subcontract was established by Toro's uncontested allegations that it entered into a subcontract with Pavement, that the subcontract "constitute[d] a valid and enforceable agreement[]," and that the attached copy of the subcontract was a "true and correct copy." (See *Electronic Equipment Express, Inc. v. Donald H. Seiler & Co.* (1981) 122 Cal.App.3d 834, 850 [176 Cal.Rptr. 239].)

The dispute between Toro and Pavement related to the subcontract. Toro's causes of action against Pavement were for contractual indemnity, breach of contract, and declaratory relief, all based on section 11 of the subcontract. Toro acknowledged that any dispute between the parties related to the subcontract when it alleged that "the relationship between [Pavement] and [Toro] is dictated and determined by the Subcontract Agreement executed between the parties. . . ."

The trial court found Pavement the "prevailing party" and found for Pavement on Toro's claims for contractual indemnity and breach of the subcontract. Pavement's success makes it eligible for fees on the subcontract

notwithstanding the court's finding of no liability. (*M. Perez Co., Inc. v. Base Camp Condominiums Assn. No. One* (2003) 111 Cal.App.4th 456, 467 [3 Cal.Rptr.3d 563].)

Section 13 authorized fees to the prevailing party, "[i]n any dispute resolution between the parties." The phrase "dispute resolution" is broad and necessarily encompasses traditional and alternative forums. Had the parties intended to limit fee recovery to disputes resolved in arbitration, they could have used the term "arbitration" as they did in the preceding two sentences. Instead, the drafter selected the term "dispute resolution." We would render that selection ineffectual if we were to construe the term to include nothing but arbitration. (Civ. Code, § 3541.) Neither party requested arbitration. Why is not our concern.

There is no exclusionary language in section 13 to support the trial court's finding that it applied only to "disputes regarding the performance of work and payment for work performed." The language in section 13 is not restrictive. It applies to "any and all disputes arising under or relating to the terms and conditions of the Subcontract." This inclusive language does not exclude disputes arising under section 11 of the subcontract. It entitles the prevailing party to fees, "[i]n any dispute resolution between the parties." The plain meaning of the fee provision encompasses this dispute.

Section 11 does not control. It governs third party claims, but it does not conflict with section 13. Section 11 does not identify the forum for an action to enforce its provisions or state whether either party would be entitled to the fees incurred to prosecute or defend against such an action. Section 13 does.

Section 11 does not prevent Pavement from recovering fees under the separate provision of section 13. In *Baldwin Builders v. Coast Plastering Corp., supra*, 125 Cal.App.4th 1339, as in this case, a general contractor cross-complained against a subcontractor for contractual indemnity in a personal injury action. The subcontractor prevailed by proving it did not cause the third party's injuries. The subcontractor could not recover fees under the subcontract's general defense and indemnity provision, but fees were authorized by a stand-alone provision that stated, " 'Subcontractor shall pay all costs, including attorney's fees, incurred in enforcing this indemnity agreement.' " (*Id.* at p. 1342.) Civil Code section 1717 rendered the provision reciprocal. Here, section 13 does not specifically refer to an action "enforcing [the] indemnity agreement," but an action to enforce the indemnity provision is necessarily included in the broader language, "any dispute resolution between the parties" and "disputes arising under or relating to the terms and conditions of the Subcontract."

Finally, we reject Toro's contention that Pavement cannot recover fees because Pavement voluntarily dismissed its cross-complaint against Toro. (Civ. Code, § 1717, subd. (b)(2).) Pavement's dismissal of its own cross-complaint is immaterial because Pavement's fee claim is based exclusively on the reciprocal fee provision of section 13 and the fact that it prevailed against Toro on Toro's cross-complaint.

## DISPOSITION

The order appealed from is reversed. The case is remanded to the trial court to determine the amount of costs, including attorney's fees, to which Pavement is entitled. Pavement shall recover its costs on appeal.

Yegan, J., and Perren, J., concurred.

On May 1, 2012, the opinion was modified to read as printed above.