Filed 5/15/14  Fujian Peak Group v. Huang CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| FUJIAN PEAK GROUP, INC., | D063296 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. 37-2010-00088762-CU-PA-CTL) |
| DAVID HUANG, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Lisa C. Schall, Judge.  Affirmed.

Keehn Law Group and L. Scott Keehn for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In this second appeal of a judgment that arises out of an order confirming an arbitration award, we consider the denial of a request for attorney fees by appellant and defendant David Huang.  In our prior opinion (*Fujian Peak Group, Inc. v. Huang* (Feb. 29, 2012, D059264) [nonpub. opn.]), we agreed with Huang "that the record before us [did] not currently demonstrate that the superior court had personal jurisdiction over

him as an individual," and we ordered that further proceedings in the trial court take place to determine, among other issues, whether it had jurisdiction to confirm the arbitration award against him pursuant to California procedural law. (Code Civ. Proc., § 1286.)

However, our prior opinion also determined that the judgment against a California corporation with which Huang was formerly associated (D&R Holdings, Inc., or D&R, which never appealed), was final and was affirmed with other corrections not relevant here.[1]

In the further proceedings conducted after remand, the trial court determined it lacked jurisdiction, as to Huang as an individual, to confirm the arbitration award in favor of plaintiff and respondent Fujian Peak Group, Inc., a corporation formed and existing under the laws of the Peoples' Republic of China (Fujian Peak). The trial court then denied a motion by Huang for contractual attorney fees pursuant to Civil Code section 1717.[2] The court issued an amended and corrected judgment accordingly.

Huang now seeks reversal of the portion of the trial court's order and judgment denying his request for attorney fees. He contends that the two contracts between the parties, dated 2005 and 2006, contained attorney fees provisions, and/or that the fees language found in commercial arbitration rules was incorporated into the contracts. (American Arbitration Association, Commercial Arbitration Rules and Mediation

---

[1] The trial court was directed to issue a modified and corrected judgment that deleted another party, Robert Schrier, and there are no pertinent issues concerning him here. (Code Civ. Proc., § 1286.)

[2] All further statutory references are to the Civil Code unless noted.

Procedures (2009) Rule R-43; the AAA rules.)  Huang argues he is entitled to reciprocity

of that attorney fees clause, if any.  (*Hsu v. Abbara* (1995) 9 Cal.4th 863, 866 (*Hsu*).)

Alternatively, Huang argues that based on judicial estoppel principles, the AAA

rules should be interpreted to provide that when Fujian Peak tendered attorney fee

requests to the arbitrator in Texas, that action created a new or amended fee entitlement

under the contracts or the arbitration agreement.  (*Jackson v. County of Los Angeles*

(1997) 60 Cal.App.4th 171, 183 (*Jackson*) [summarizing elements of judicial estoppel

doctrine]; pt. IV, *post*.)

Fujian Peak has not filed a respondent's brief.  We do not consider this to be a

concession, and reach the merits of Huang's appeal.  (*In re Marriage of Riddle* (2005)

125 Cal.App.4th 1075, 1078, fn. 1 (*Riddle*).)  We determine the appeal based on the

record provided and Huang's opening brief.  (Cal. Rules of Court, rule 8.220(a)(2).)

We reject Huang's contentions that the trial court erred as a matter of law in

denying his motion for attorney fees.  The trial court was correct that Huang has not

identified any contractual basis for an award of attorney fees to him in this proceeding, to

which any reciprocity rights would attach.  We affirm the order and judgment.

I

*REINTRODUCTION*

A.  Contract and Arbitration

Fujian Peak brought a civil action in Texas against D&R, seeking damages arising

out of two similar contracts formed in 2005 and 2006, respectively, for D&R to supply

3

advertising services to Fujian Peak.  For our purposes, we treat the 2006 contract as providing the operative language, since there are no material differences between them.

The contract contains the following arbitration clause:  "Any controversy or claim arising out of or relating to this Agreement or its alleged breach shall be settled by binding confidential arbitration in Houston, Texas in accordance with the Commercial Arbitration Rules of the American Arbitration Association ('AAA') and judgment on the award rendered by the arbitrator may be entered by any court having jurisdiction thereof."  The contract also contained a choice of laws provision:  "Agreement shall be governed by and construed in accordance with the laws of the State of Texas, without regard to principles of conflicts of laws."

The 2006 contract also contained the following indemnity language:  "Company [identified as D&R, not Fujian] shall indemnify and defend Team and Team's directors, officers, agents, employees, partners, successors and assigns [apparently Fujian], against, *and hold them harmless from, any and all damages, liabilities, costs and expenses whatsoever (including reasonable attorneys fees and expenses* but excluding any consequential or punitive damages) arising or resulting from any of the following:  (a) the pictorial or word content of any advertisement or other material provided by or requested by Company; or (b) the negligence or willful misconduct of Company, its directors, officers, employees or agents in connection with this Agreement.  Team agrees to give Company *prompt notice of any claim or suit coming within the purview of this indemnity*, and Team shall furnish Company with all relevant information in its possession or under

4

its control and shall cooperate fully with Company in its defense of such action." (Italics added.)

After filing the action, Fujian Peak submitted a demand for contractual arbitration, which proceeded in Texas. On the merits, the arbitrator found that D&R had breached its duties to Fujian Peak by overreaching and taking a disproportionate commission for work done. Fujian Peak was entitled to damages naturally flowing from the breaches concerning the contract. The arbitrator added Huang, the chief executive officer (CEO) of D&R, as an individual party:

> "IT IS, THEREFORE, ORDERED and AWARDED that
> Respondents, D&R HOLDINGS, INC. and DAVID HUANG, in his
> individual capacity, jointly & severally, shall pay to the Claimant
> FUJIAN PEAK GROUP, INC. the following: 1) Damages in the
> amount of $586,000.00, of which $140,000.00 is escrowed and shall
> be made available for immediate release to Claimant. 2) Attorneys'
> fees and expenses in the amount of $106,573.45."

Separately, the arbitrator ordered D&R to pay certain fees and costs associated with the arbitration itself. The award was stated to be the full and final settlement of all claims by Fujian Peak against D&R and Huang, and all claims not expressly granted in the award were denied.

### B. Petition to Confirm the Arbitration Award; Prior Opinion

In March 2010, Fujian Peak filed a petition in San Diego Superior Court to confirm the arbitration award pursuant to Code of Civil Procedure section 1285. The petition named as respondents both Huang individually and D&R. The trial court confirmed the award and ordered D&R, the contracting party, and its CEO Huang, in his

5

individual capacity, to pay the awarded damages as well as attorney fees and costs. Judgment was entered against D&R, Huang, and another party jointly and severally. (See fn. 1, *ante*.)

In the prior appeal, Huang contended that the trial court had no personal jurisdiction over him as an individual to enforce the judgment, since he never consented to join the Texas arbitration as an individual party. Huang also argued that all attorney fees and costs should have been awarded severally against D&R, not jointly and severally against him individually, and he objected to the imposition of damages for fraud (fraud damages were not part of the final arbitration award).

We resolved Huang's prior appeal by concluding that the previous record "does not currently demonstrate that the superior court had personal jurisdiction over him as an individual. We also agree that the judgment erroneously awarded fraud damages against him, since they were not included in the final arbitration award. The issue as to whether attorney fees and expenses were awarded jointly and severally is rendered moot by the reversal on the jurisdiction issue. As to Huang individually, the matter is remanded to superior court for further proceedings to determine whether it has jurisdiction to confirm the arbitration award against him pursuant to California procedural law."

II

*PROCEEDINGS ON REMAND AFTER PRIOR OPINION; HUANG SEEKS FEES*

The trial court heard the matter on remand and issued an order amending and correcting the contractual arbitration award, to delete Huang as a party, because the

6

evidence failed to establish he was ever served or consented to participate as an individual in the arbitration proceedings.

Huang brought his motion for attorney fees and costs, relying on the indemnification language in the contracts, and upon the arbitration clause which provided for proceedings under the AAA rules. Rule R-43 of the AAA rules allowed for an arbitrator to include attorney fees as part of the award, and Huang argued that he had prevailed in the action on the contract when he demonstrated that he was not a party to it, and therefore he was entitled to a reciprocal award of attorney fees.[3] He documented $108,978.75 attorney fees and costs of $10,679.04.

The trial court denied Huang's motion for attorney fees and costs, giving three reasons. First, the court found the indemnity clause did not provide an attorney fee entitlement. Second, the court found the effect of the AAA rules was limited to the arbitration proceedings, not to any judicial proceedings. Third, the court found no basis for judicial estoppel against Fujian Peak that would have required it to admit to Huang's entitlement to any attorney fees recovery (based on its own award of attorney fees obtained in arbitration as against D&R). The court concluded that Huang had not identified a contractual basis for an award of attorney fees to him in this proceeding.

An amended and corrected judgment was subsequently issued, recognizing that Huang had previously been awarded his costs on appeal in the amount of $987, and that

_____

[3]     In relevant part, and to be more fully described later, then effective AAA rule R-43 permitted an arbitrator to "grant any remedy or relief that the arbitrator deems just and equitable and within the scope of the agreement of the parties . . . ."

7

he was not entitled to further recover any attorney fees and costs, in the remand proceedings. Huang timely appealed.

## III

### *RULES OF REVIEW AND APPLICABLE STANDARDS*

We review the legal sufficiency of the order or judgment on appeal, and not the reasoning of the trial court. (*D'Amico v. Board of Medical Examiners* (1974) 11 Cal.3d 1, 19; *Adajar v. RWR Homes, Inc.* (2008) 160 Cal.App.4th 563, 571, fn. 3.) Our point of departure in analyzing these claims is the language of the contracts, as interpreted under statutory standards. Under these circumstances, this presents pure questions of law. (*Topanga and Victory Partners v. Toghia* (2002) 103 Cal.App.4th 775, 779-780.)

We initially disagree with Huang that any law of the case effect on the fees issues has resulted from our prior opinion. (*People v. Stanley* (1995) 10 Cal.4th 764, 786.) In the prior opinion, we did not set forth any rule of law necessary to the decision regarding fees that must be adhered to throughout the progress of the case. (*Ibid.*) Rather, we left the fees entitlement question regarding Huang entirely open, because of the serious personal jurisdiction problems that were left to be resolved upon remand, about his involvement with the arbitration proceedings. The arbitrator had made a joint and several attorney fees award against D&R and Huang, which could not be allowed to stand due to the particular jurisdictional problem then presented about Huang, to be resolved upon remand. We accordingly required the judgment to be adjusted in that respect. On

8

remand, the trial court properly heard Huang's motion for an award of fees, and that matter has not previously been brought before this court.

To address the current issues on appeal, we begin with the statutory provision that "each party to the arbitration shall pay his pro rata share of the expenses and fees of the neutral arbitrator, together with other expenses of the arbitration incurred or approved by the neutral arbitrator, not including counsel fees or witness fees or other expenses incurred by a party for his own benefit." (Code Civ. Proc., § 1284.2.) This rule is subject to an exception, where an arbitration agreement or a separate contract between the parties otherwise provides for an award of attorney fees. (*Ibid*.)

It is well accepted " ' "[t]he powers of an arbitrator are limited and circumscribed by the agreement or stipulation of submission." ' " (*Cobler v. Stanley, Barber, Southard, Brown & Associates* (1990) 217 Cal.App.3d 518, 530.) A reviewing court will refrain from substituting its own judgment for the arbitrator's determinations about the contractual scope of the powers granted by the arbitration agreement. (*Advanced Micro Devices Inc. v. Intel Corp.* (1994) 9 Cal.4th 362, 372.) "[T]he remedy an arbitrator fashions does not exceed his or her powers if it bears a rational relationship to the underlying contract as interpreted . . . by the arbitrator and to the breach of contract found . . . by the arbitrator." (*Id*. at p. 367.)

IV

*ANALYSIS*

A.  Principles Regarding Reciprocity of Prevailing Party Attorney Fees Clauses

Huang mainly relies upon the arbitration clause in the contracts as supplying an attorney fees entitlement, and he claims the principles of reciprocity allow the contract to be enforced to justify awarding him fees.  (*Hsu*, *supra*, 9 Cal.4th 863, 866.)  In *Hsu* the Supreme Court was considering a standard prevailing party attorney fees clause, found in a form real estate contract as follows:  " 'In any action between Broker, Buyer or Seller arising out of this agreement, the prevailing party shall be entitled to reasonable attorney's fees and costs.' "  (*Ibid.*)

In *Hsu*, *supra*, 9 Cal.4th 863, the court clarified that the policy of section 1717 requires that a prevailing party on a contract, which includes such an attorney fees clause, "is entitled to attorney fees under section 1717 'even when the party prevails on grounds the contract is inapplicable, invalid, unenforceable or nonexistent, if the other party would have been entitled to attorney's fees had it prevailed.'  [Citations.]"  (*Hsu, supra,* at p. 870*; Reynolds Metals Co. v. Alperson* (1979) 25 Cal.3d 124, 128.)

Further, the court in *Hsu*, *supra*, 9 Cal.4th 863, 876 held, "in deciding whether there is a 'party prevailing on the contract,' the trial court is to compare the relief awarded on the contract claim or claims with the parties' demands on those same claims and their litigation objectives as disclosed by the pleadings, trial briefs, opening statements, and similar sources.  The prevailing party determination is to be made only upon final

10

resolution of the contract claims and only by 'a comparison of the extent to which each party ha[s] succeeded and failed to succeed in its contentions.' [Citation.] [¶] Here, the judgment was a 'simple, unqualified win' [citation] for the [Defendants/Sellers] on the only contract claim between them and the Hsus [prospective buyers]." In *Hsu*, the trial court lacked any discretion to deny the prevailing defendants their attorney fees under section 1717, when the defendants had prevailed by showing the contract was never formed. (*Id.* at pp. 870, 877.)

### B. Contract Principles of Incorporation by Reference; Judicial Estoppel

We cannot apply the above basic principles of reciprocity under section 1717 unless the subject contract actually included such "prevailing party" language concerning the recovery of fees. On appeal, Huang focuses primarily upon the provisions of the arbitration clause, as incorporating such language, from the AAA rules regarding the scope of the award.

Under former AAA rule R-43(a), an arbitrator could "grant any remedy or relief that the arbitrator deems just and equitable and within the scope of the agreement of the parties . . . ." The arbitrator could include in any final award an assessment of fees, expenses, and compensation among the parties. (AAA rules R-43(b), (c).) The award could include an award of attorney fees "if all parties have requested such an award or it is authorized by law or their arbitration agreement. (AAA rules R-43(d).)

The basic rules for incorporating a document by reference into a contract require precision: " ' " 'For the terms of another document to be incorporated into the document

11

executed by the parties the reference must be clear and unequivocal, the reference must be called to the attention of the other party and he must consent thereto, and the terms of the incorporated document must be known or easily available to the contracting parties.' " ' " (*Adajar v. RWR Homes, Inc.*, *supra*, 160 Cal.App.4th 563, 571.)

Under those standards, Huang cannot show that the AAA rules created an independent entitlement to attorney fees, separate from the arbitration clause, which does not contain the required prevailing party language. Here, there is no "express provision nor one from which an implication may be drawn that the parties have agreed that the successful party shall be entitled to reimbursement of his attorney's fees." (*Thompson v. Jespersen* (1990) 222 Cal.App.3d 964, 968.) Rather, the arbitration clause only requires controversies or claims "arising out of or relating to this agreement or its alleged breach" to be settled by arbitration in accordance with the AAA rules, but it does not clearly allocate fees.

We disagree with the trial court's statement that this was a forum-specific arbitration agreement that applied only to the arbitration portion of the proceedings. Rather, the clause anticipates that judicial proceedings may be necessary to obtain judgment upon the award, which is standard procedure for an arbitration agreement. (See *Hastings v. Matlock* (1985) 171 Cal.App.3d 826, 841 [contractual attorney fees clause need not be restricted to breach of contract claims].) However, that particular issue does not make any difference in this case, in which there is no prevailing party fee entitlement expressly or impliedly created by the contracts.

This arbitration clause mentions the AAA rules more specifically with respect to selection of the arbitrator, under the process set forth therein.  That language does not serve to incorporate or expand any other particular rules, such as the remedy portions of AAA rule R-43 on the scope of the award.  Although that rule allows the arbitrator to grant any remedy or relief that the arbitrator deems "just and equitable," the remedy or relief must be within the scope of the agreement of the parties.  It would expand the entitlements or remedies created by the arbitration agreement, and its reference to the AAA rules, to create a contractual fee provision and apply it reciprocally.

Huang alternatively argues for application of the doctrine of judicial estoppel, to prevent Fujian Peak from resisting his requested enforcement of the AAA rules, on the grounds that Fujian Peak is receiving attorney fees from D&R.  Judicial estoppel elements include the following:  "(1) the same party has taken two positions; (2) the positions were taken in judicial or quasi-judicial administrative proceedings; (3) the party was successful in asserting the first position (i.e., the tribunal adopted the position or accepted it as true); (4) the two positions are totally inconsistent; and (5) the first position was not taken as a result of ignorance, fraud, or mistake."  (*Jackson*, *supra*, 60 Cal.App.4th 171, 183 [applying federal doctrine to California law].)

Huang's reliance on judicial estoppel is unavailing.  The award of attorney fees by the arbitrator has been upheld in our prior opinion as to D&R, a party to the contract, which did not challenge it.  The arbitrator interpreted the contract as to those parties' entitlement and imposed that remedy, which we are not now entitled to change.

13

(*Advanced Micro Devices Inc. v. Intel Corp.*, *supra*, 9 Cal.4th 362, 372 [arbitrator is empowered to determine the contractual scope of the powers under the arbitration agreement].)  Under these procedural circumstances and in light of the status of the case, the correct answers on the attorney fees entitlement questions are not totally inconsistent as to D&R or Huang, when reciprocity rules are taken into account.  (*Jackson, supra,* 60 Cal.App.4th at p. 183.)

### C.  Indemnity Ground of Trial Court's Ruling

Indemnification agreements ordinarily relate to third party claims, rather than the resolution of disputes between the parties to the agreement.  (*Myers Building Industries, Ltd. v. Interface Technology, Inc.* (1993) 13 Cal.App.4th 949, 968-969.)  "A clause which contains the words 'indemnify' and 'hold harmless' is an indemnity clause which generally obligates the indemnitor to reimburse the indemnitee for any damages the indemnitee becomes obligated to pay third persons."  (*Id*. at p. 969.)  Such indemnity provisions are generally interpreted according to the language of the contract and the intention of the parties, as indicated by the contract.  (*Ibid*.)

In the trial court, Huang relied on the indemnity clause as amounting to a prevailing party attorney fee clause, because it required D&R to indemnify Fujian Peak against damages, liabilities, and costs and expenses (such as fees), arising from "the negligence or willful misconduct of [D&R or its agents], in connection with this agreement."  Because the arbitrator had awarded attorney fees to Fujian Peak, Huang

14

argued to the trial court he was entitled to his own attorney fees award under principles of reciprocity.

In our prior opinion, we interpreted the arbitration award as being restricted to contract relief for damages that flowed from breaches of duty concerning the contract. The award expressly denied all claims not specifically granted (e.g., fraud). As such, it does not support any award of fees based upon negligence or willful misconduct, since those torts do not clearly relate to the contract issues that went to arbitration. Further, Huang has shown no existing third party "claim or suit coming within the purview of this indemnity," that might now invoke the attorney fees language of this clause, on a reciprocal basis. The indemnity clause does not appear to meet the standards of a contractual prevailing party attorney fees clause.

On appeal, Huang does not appear to rely on the indemnity portion of the contract as giving rise to a reciprocal attorney fee entitlement. He has mainly argued on appeal that the arbitration clause controlled. In any case, the trial court rejected any reliance on the indemnity clause to supply an attorney fees entitlement. Its ruling focused at length upon the effect of the indemnity clause, as invoking an established exception to the fees clause reciprocity rule. (See *Baldwin Builders v. Coast Plastering Corp.* (2005) 125 Cal.App.4th 1339 (*Baldwin*) [interpreting an attorney fee clause found within a separate indemnity agreement, reached between a general contractor and subcontractors, as reciprocal, and determining that because the general contractor was seeking such indemnification, the subcontractors were entitled to recover fees and costs incurred in

15

defending its negligence claims against them; remanded for further appropriate proceedings].)

In *Baldwin*, this court set forth authorities stating that this rule of reciprocity under section 1717 is "itself subject to an exception where the recovery of attorney fees is authorized as an item of loss or expense in an indemnity agreement or provision. [Citations.]  Because an indemnity agreement is intended by the parties to unilaterally benefit the indemnitee, holding it harmless against liabilities and expenses incurred in defending against third party tort claims [citation], application of reciprocity principles would defeat the very purpose of the agreement.  [Citation.]  In requiring reciprocity of only those provisions that authorize the recovery of attorney fees 'in an action on [the] contract,' section 1717(a) expressly excludes indemnity provisions that allow the recovery of attorney fees as an element of loss within the scope of the indemnity." (*Baldwin*, *supra*, 125 Cal.App.4th at p. 1344.)

In *Baldwin*, *supra*, 125 Cal.App.4th 1339, 1344-1346, this court held that the attorney fee provisions in the stand alone indemnity agreements were properly subject to section 1717, subdivision (a) and no exception (for indemnity) prevented reciprocity.  We said, "the express language of the attorney fee clauses authorizes the recovery of attorney fees where one of the parties to the agreement brings an action to enforce the indemnity; such an action is one 'on [the] contract' within the meaning of section 1717(a) and thus the attorney fee clauses are subject to the statutory requirement of reciprocity.  [Citation.]

16

The fact that the attorney fee clauses are set forth in the indemnity agreements does not alter this conclusion." (*Baldwin*, *supra*, at p. 1346.)

We need not further discuss the validity of this separate ground of the current ruling, because the trial court's overall conclusion controls here. Huang has not identified a contractual basis for any award of attorney fees to him in this proceeding.

DISPOSITION

The judgment and order are affirmed. Each party shall bear its own costs on appeal.

_____
HUFFMAN, J.

WE CONCUR:

_____
McCONNELL, P. J.

_____
O'ROURKE, J.