Filed 3/12/15  Hamilton Court v. East Olympic CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| HAMILTON COURT, LLC et al., | B253511 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. BC437727) |
| v. | |
| EAST OLYMPIC, L.P. et al., | |
| Defendants and Respondents. | |

APPEAL from an order of the Superior Court of Los Angeles County, Susan Bryant-Deason, Judge.  Affirmed.

Vivoli Saccuzzo, Michael W. Vivoli and Jason P. Saccuzzo, for Plaintiffs and Appellants.

Troygould PC, Jeffrey W. Kramer, Annmarie Mori and Jacob M. Harper, for Defendants and Respondents.

## I. INTRODUCTION

Plaintiffs, Hamilton Court, LLC and 3650 Olympic, LLP appeal from an order imposing attorney's fees against them. Defendants, East Olympic, L.P. and Jack Wilder, prevailed on appeal against plaintiffs in a dispute regarding a quiet title cause of action for an easement. We issued a published decision in favor of defendants in *Hamilton Court, LLC v. East Olympic, L.P.* (2013) 215 Cal.App.4th 501, 505-506 (*Hamilton Court*). Following remittitur issuance, defendants successfully moved for attorney's fees incurred during the trial and on appeal. We affirm the order granting defendants their attorney's fees.

## II. BACKGROUND

### A. Factual and Procedural Background Prior to the Pending Appeal

The prior factual and procedural background in this case is summarized in our prior published opinion. We recite the background necessary for purposes of our appeal. East Olympic, L.P. once owned an entire city block in Los Angeles, including two parcels of adjacent real property; the Angelus (lot 35) and the Wilder (lot 36) properties. East Olympic, L.P. had a three-story building on the Angelus property. The three-story building encroached on the Wilder property lot line. The Wilder property consisted of: a one-story building; a two-story building; and an adjacent yard and shed. The yard and shed encroached on the Angelus property.

East Olympic, L.P. sold the three-story building on the Angelus property to the Angelus Building Partnership in 1983. East Olympic, L.P. retained ownership of the yard and shed on the Wilder property. Rather than legally split the lots, East Olympic, L.P. and Angelus Building Partnership entered into an easement agreement in 1994. The easement agreement was recorded on May 12, 1994.

2

The easement agreement described the two easements, which we refer to as the East Olympic easement and the Angelus easement. The East Olympic easement consisted of the area on lots 35 and 36. This is where the yard and shed belonging to East Olympic, L.P. encroached on the Angelus property. The Angelus easement was the area where the three-story building encroached on the Wilder property.

On March 29, 2005, plaintiffs acquired the Angelus property as tenants in common subject to the easement agreement. On May 16, 2005, East Olympic, L.P. sold the Wilder property to Hamilton Court, LLC and Venice National Group, LLC as tenants in common. This sale was memorialized by a February 22, 2005 purchase contract. East Olympic, L.P. sold the Wilder property for $3.8 million, consisting of $800,000 in cash and a $3 million promissory note. The $3 million promissory note was payable to East Olympic, L.P. The purchasers executed a first deed of trust in favor of East Olympic, L.P. The trust deed created a security interest in the Wilder property and the East Olympic easement. Before the close of escrow, East Olympic, L.P. approved adding language to the promissory note and trust deed. This additional language created a priority in terms of the trust deed. The proviso states, "[If] such transfer is made subject to the Trustor's promissory note and this Deed of Trust and does not affect the priority of this Deed of Trust in any manner whatsoever."

In July 2005, Venice National Group, LLC quitclaimed its interest in the Wilder property to 3650 Olympic, LLP. In 2008, plaintiffs ceased making payments due under the promissory note. East Olympic, L.P. foreclosed under the trust deed and reacquired the Wilder property in a 2009 foreclosure sale.

On May 14, 2010, plaintiffs filed a complaint against defendants alleging: contract breach; fraud in inducement; implied covenant breach; and to quiet title. The quiet title claim concerned whether the East Olympic easement still existed after plaintiffs owned both the Wilder and Angelus properties. The first three causes of action concerned the purchase contract involving the Wilder property.

Plaintiffs filed their second amended complaint on February 9, 2011. Plaintiffs alleged as their first three causes of action contract breach, fraud in inducement and rescission. On March 10, 2011, defendants filed a cross-complaint. Defendants asserted that if plaintiffs prevailed to quiet title as to the East Olympic easement, then the Angelus easement should likewise be extinguished. On August 11, 2011, plaintiffs dismissed their first three causes of action pertaining to the purchase contract without prejudice. On October 4-5, 2011, trial was held. Thereafter, the trial court ruled the merger doctrine under Civil Code section 811 applied so as to extinguish the East Olympic easement. The trial court entered judgment in favor of plaintiffs and against defendants.

On appeal, we held the merger doctrine was inapplicable because "plaintiffs in effect stipulated that there would be no merger under Civil Code section 811" so long as the trust deed remained in effect. (*Hamilton Court*, *supra*, 215 Cal.App.4th at p. 506.) We instructed the trial court to quiet title over the East Olympic easement in favor of East Olympic, L.P. As a result, the judgment was reversed.

### B. Defendants' Attorney's Fees Motion

Following the reversal, defendants filed their attorney's fees motion on October 7, 2013. In their moving papers, defendants argued contractual attorney's fees were authorized pursuant to Code of Civil Procedure section 1033.5, subdivision (a)(10)(A). Defendants relied upon provisions in both the easement agreement and the trust deed. Section 13.4 of the easement agreement provides, "Should it be necessary for either party to commence any legal action or arbitration proceeding to enforce the terms or conditions hereof, the prevailing party in such action or arbitration shall be entitled to recover from the unsuccessful party reasonable legal fees, costs and expenses incurred by the prevailing party in the prosecution, defense, or arbitration of such action." Section A(3) of the trust deed states: "To protect the security of the Deed of Trust, Trustor [plaintiffs] agrees: [¶] . . . [¶] (3) To appear in and defend any action or proceeding purporting to

4

affect the security hereof . . .; and to pay all costs and expenses, including . . . attorney's fees in a reasonable sum, in any action or proceeding in which Beneficiary [East Olympic, L.P.] . . . may appear, and in any suit brought by Beneficiary to foreclose this Deed." Defendants argued both provisions provided independent bases to recover attorney's fees from plaintiffs.

Plaintiffs opposed defendants' attorney's fees motion. They argued the easement agreement provision did not apply because they did not commence a legal action to enforce the terms of the contract. Plaintiffs asserted the trust deed provision did not apply under the anti-deficiency rule of Code of Civil Procedure section 580d. Code of Civil Procedure section 580d bars a creditor who has foreclosed on a trustee from seeking any deficiency or additional compensation under the instrument. Alternatively, plaintiffs argued defendants' requested attorney's fees were unreasonable. Plaintiff contended a large percentage of fees incurred by defendants were unrelated to the quiet title cause of action.

In reply, defendants asserted a third contractual basis for recovering attorney's fees, the purchase contract for the Wilder property. Paragraph 16 of the purchase contract provides, "If any Party or Broker brings an action or proceeding (including arbitration) involving the Property whether founded in tort, contract or equity, or to declare rights hereunder, the Prevailing Party (as hereafter defined) in any such proceeding, action, or appeal thereon, shall be entitled to reasonable attorneys' fees." "Property" includes the shed on the East Olympic easement. Defendants also argued apportionment of fees was unnecessary. Defendants expressly argued the three dismissed causes of action and the quiet title claim in the second amended complaint were inextricably intertwined.

## C. Trial Court's Ruling

On November 6, 2013 defendants' attorney's fees motion was granted. The trial court ruled defendants were entitled to recover attorney's fees pursuant to both the easement agreement and trust deed. The trial court awarded as fees $291,355.62 to defendants for work performed by defense counsel at trial and on appeal. Plaintiffs appealed the order.

## III. DISCUSSION

### A. Defendants Were Entitled to Recovery of Attorney's Fees by Contract

Attorney's fees based upon a contract, incurred in litigation, may be recovered as costs pursuant to Code of Civil Procedure section 1033.5, subdivision (a)(10)(A). (*Kaufman v. Diskeeper Corp.* (2014) 229 Cal.App.4th 1, 7; *Maynard v. BTI Group, Inc.* (2013) 216 Cal.App.4th 984, 993-994.) Judgments of the trial court are presumed to be correct. (*In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133; *Conservatorship of Rand* (1996) 49 Cal.App.4th 853, 841.) Generally, we review a trial court's order awarding attorney's fees for an abuse of discretion. (*Nemecek & Cole v. Horn* (2012) 208 Cal.App.4th 641, 651; *Cruz v. Ayromloo* (2007) 155 Cal.App.4th 1290, 1274.) But, we review a determination of the legal basis for an attorney's fees award de novo. (*Toro Enterprises, Inc. v. Pavement Recycling Systems, Inc.* (2012) 205 Cal.App.4th 954, 957; *Sessions Payroll Management, Inc. v. Noble Construction Co.* (2000) 84 Cal.App.4th 671, 677.) An issue of apportionment of fees though is a matter of discretion. (*In re Tobacco Cases I* (2013) 216 Cal.App.4th 570, 586; *Acree v. General Motors Acceptance Corp.* (2001) 92 Cal.App.4th 385, 405.)

Plaintiffs assert none of the three provisions cited by defendants permit defendants to recover attorney's fees in this action. As we have explained, we first examine the

purchase contract's attorney's fees provision de novo.  The purchase agreement was submitted with plaintiffs' second amended complaint and was a part of the record before the trial court.  As noted, paragraph 16 of the purchase contract provides attorney's fees to the prevailing party, "If any Party . . . brings an action or proceeding (including arbitration) involving the Property whether founded in tort, contract or equity . . . ."  Plaintiffs and defendants are parties to the purchase contract.  "Property" includes the yard and shed on the East Olympic easement for which the plaintiffs attempted to quiet title.  The plain language of the attorney's fees provision in the purchase agreement applies to plaintiffs' unsuccessful quiet title cause of action.  The quiet title cause of action was an action founded in equity involving the yard and shed on the East Olympic easement.  Defendants, as the prevailing party, are entitled to recover attorney's fees under paragraph 16 of the purchase contract against plaintiffs.  We need not discuss defendants' rights to attorney's fees under the trust deed or the easement agreement.

### B.  The Trial Court Did Not Abuse Its Discretion by Not Apportioning Fees

As previously stated, generally, an attorney's fees award is reviewed for an abuse of discretion.  Plaintiffs assert the trial court should have apportioned attorney's fees and the failure to do so was an abuse of discretion.  Under Civil Code section 1717, subdivision (b)(2), "Where an action has been voluntarily dismissed . . . , there shall be no prevailing party for purposes of this section [recovery of attorney's fees in action on contract]."  As previously mentioned, plaintiffs had brought four causes of action, three based on the purchase contract, and one premised on a quiet title.  Plaintiffs dismissed without prejudice the first three causes of action.

The trial court has broad discretion to apportion fees.  (*Zintel Holdings, LLC v. McLean* (2012) 209 Cal.App.4th 431, 443; *Amtower v. Photon Dynamics, Inc.* (2008) 158 Cal.App.4th 1582, 1604.)  Division One for the Court of Appeal of the Fourth Appellate District has explained:  "[A]pportionment [of attorney's fees] is not required when the

claims for relief are so intertwined that it would be impracticable, if not impossible, to separate the attorney's time into compensable and noncompensable units.  [Citations.]" (*Bell v. Vista Unified School Dist.* (2000) 82 Cal.App.4th 672, 687; accord, *Akins v. Enterprise Rent-A-Car Co.* (2000) 79 Cal.App.4th 1127, 1133.)  Our Supreme Court held, "Attorney's fees need not be apportioned when incurred for representation on an issue common to both a cause of action in which fees are proper and one in which they are not allowed."  (*Reynolds Metals Co. v. Alperson* (1979) 25 Cal.3d 124, 129-130; see *Holguin v. DISH Network LLC* (2014) 229 Cal.App.4th 1310, 1322.)  A trial court's exercise of discretion is abused when its ruling exceeds the bounds of reason after considering all the circumstances before it.  (*Amtower v. Photon Dynamics, Inc.*, *supra*, 158 Cal.App.4th at p. 1604; *Pellegrino v. Robert Half Internat., Inc.* (2010) 182 Cal.App.4th 278, 289.)

Plaintiffs allege in their three dismissed causes of action that:  defendants breached the purchase contract; defendants did so by refusing to permit plaintiffs to demolish the buildings on the Wilder property, including the yard and shed on the East Olympic easement; defendants fraudulently induced plaintiffs to purchase the Wilder property by falsely claiming improvements could be constructed on the East Olympic easement; and rescission should be granted because there was a material failure of consideration due to defendants' misrepresentations about plaintiffs' right to demolish the buildings on the Wilder property.  Plaintiffs' quiet title cause of action sought to extinguish the East Olympic easement by reason of the merger doctrine.

All three dismissed causes of action involve claims that defendants had wrongfully prevented plaintiffs from demolishing the buildings on the Wilder property, including the shed on the East Olympic easement.  Plaintiffs allege in the second amended complaint: "In or about August of 2005, following the close on their purchase of the Wilder property, Plaintiffs informed Defendants that they wished to take the first step towards unlocking the true value of the [Angelus property].  To that end, Plaintiffs informed Defendants they planned to demolish two dilapidated structures located on the Wilder

8

Property to create additional parking to service the [Angelus property], which Defendants *knew* was Plaintiffs' plan all along. Plaintiffs also informed Defendants that Plaintiffs wished to install an elevator to service their own [Angelus property]. Installing this elevator would require demolishing a small shack structure within the [East Olympic easement]. . . ." The fourth cause of action for quiet title was another means of accomplishing plaintiffs' purpose of claiming property rights over the shed on the East Olympic easement. The trial court's award of attorney's fees did not exceed the bounds of reason. The trial court could reasonably have found the three dismissed causes of action to be so intertwined with the fourth cause of action that no apportionment of fees was practicable.

## IV.  DISPOSITION

The November 6, 2013 order awarding attorney's fees is affirmed.  Defendants, East Olympic, L.P. and Jack Wilder, are to recover their appellate costs from plaintiffs, Hamilton Court, LLC, and 3650 Olympic, L.P.  Any request for attorney's fees incurred on appeal may be recovered pursuant to California Rules of Court, rules 3.1702(c) and 8.278(c)(1).

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

TURNER, P. J.

We concur:

MOSK, J.

GOODMAN, J.[*]

---

[*]    Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.